# Bender v. Zoning Board of Adjustment

*Eilberg & Meshon*, for plaintiff.

*Abraham L. Freedman*, city solicitor, and *Matthew W. Bullock, Jr.*, assistant city solicitor, for defendants.

BOK, P. J., April 22, 1955.—Appellant owns a home in a "D" residential district. The zoning administrator, affirmed by the zoning board of adjustment, held that her application for permission to operate a beauty parlor in the premises be refused.

She points to section 7, subsections 3 and 13, of the zoning ordinance, which authorizes:

"(3) Office of a physician, dentist, or other professional person when situated in the dwelling of such person and incidental to the main purpose of residence. . . .

"(13) Accessory uses, including the home occupation customarily incident to any of the above permitted uses."

Appellant contends that she is a professional person and that beauty culture is a "home occupation". She cites Kovach v. Board, 37 Del. Co. 6 (1948) ; Lavelle v. Board, 4 D. & C. 2d 361, and McCahan et ux. v. Betts et ux., 83 D. & C. 45 (1952). This question is now before the Supreme Court in a case from Delaware County and we need not discuss it. Should the Supreme Court decide that beauty culture is not a profession, the appeal on that ground falls. If the decision is the other way, it is not so determinative.

What controls, in our view, is the requirement that the office be "situated in the dwelling . . . and incidental to the main purpose of residence". Whether a particular situation meets the meaning of these words may be a matter of neat interpretation of the facts rather than of the law. We believe that the board's discretion extends to making such interpretations and should be upheld unless clearly capricious.

The dressmaker, washerwoman, beauty culturist, or watchmaker who uses a room in the middle of the house to serve a limited clientele and ekes out a living may well be engaging in a "home occupation" that is incidental to residence. The establishment of a business, with machinery, a separate entrance, a sign (required in the instant case by the rules of the Department of Cosmetology), and the contemplation of hired assistance when custom increases enough to warrant it, is a somewhat different conception, suggesting a primary commercial effort rather than a desire to make a few extra dollars by home industry. The fact that business can physically be conducted within the confines of a dwelling does not make it a home industry. Just where the line is to be drawn and the intangible weight shifted is a matter of judgment and

administrative opinion, which we think should be left to the agency to which it has been assigned.

We see no abuse of interpretive discretion and hence will keep hands off.

The appeal is dismissed.